GORHAM MFG. CO v. WEINTRAUB et al. †

(Circuit Court, S. D. New York. January 31, 1910.)

1. COURTS (§ 322*) — FEDERAL COURTS — JURISDICTION—DIVERSITY OF CITIZENSHIP—ALLEGATIONS IN PLEADING.

That the bill merely recites facts showing diversity of citizenship of the parties, instead of making distinct traversable averments thereof, is not ground for denying relief, where the affidavits of the defendant do not in any way dispute the diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. TRADE-MARKS AND TRADE-NAMES (§ 22*)—MARKS SUBJECT OF OWNERSHIP—PRIORITY OF USE.

A manufacturer of silverware is not debarred from establishing as its trade-mark in this country a combination of devices of an anchor, lion, and the letter G, by the fact that each of these is a hallmark used on English silver, and that, used in combination, they would indicate to a buyer of English silver that the piece was sterling ware made in the city of Birmingham in 1831.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 25; Dec. Dig. § 22.*]

3. CONTEMPT (§ 9*)—ACTS CONSTITUTING—PUBLICATIONS RELATING TO PENDING PROCEEDING.

A notice by complainant, a manufacturer of silverware, to the trade, that complainant is asserting the validity of its trade-mark, and is endeavoring to sustain it in court, and that the defendants were stayed from infringing it by an order of the court issued simultaneously with the order to show cause, is proper, and does not constitute contempt of court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 15–18; Dec. Dig. § 9.*]

Action by the Gorham Manufacturing Company against Frederick Weintraub and another. Heard on motion for preliminary injunction. Granted.

Hugo Mock, for complainant.
Benno Loewy, for defendants.

LACOMBE, Circuit Judge. This is a suit to restrain alleged infringement of trade-mark. The bill recites that complainant is a citizen of Rhode Island, and defendants citizens of New York. It is contended that diversity of citizenship is not sufficiently alleged, because distinct traversable averments thereof are not presented. If the affidavits in any way disputed such diversity, the objection might be important; but since the assertion is not disputed, and an averment alleg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† For opinion on motion to amend complaint, see 176 Fed. 1024.

ing diversity would be granted as of course, where there is no dispute as to respective citizenship, the objection is not persuasive to denying relief, if on the facts complainant is entitled to it, to sustain a common-law trade-mark.

Irrespective of what complainant's predecessors may have done, it is not disputed that since 1863 complainant itself has used upon its sterling silverware a mark consisting of an anchor, lion, and the letter G. And the record indicates that the trade in such goods has for many years recognized these conjoined marks, when impressed on silverware manufactured in this country, as indicating origin in complainant's workshops. Nor does it appear that during that period, since 1863, any other manufacturer has made or sold silver or plated ware manufactured in this country with the same combination mark.

The defendants contend that, since each of the three devices—anchor, lion, and G—had a certain significance when affixed to English-made silverware, complainant could not in this country establish as its trade-mark the combination of the three. The defense is presented with such wealth of learning in the silversmith's art, fortified with elaborate quotations from English statutes regulating hallmarks on gold and silver ware for centuries, and with recognized text-books dealing with the subject and giving the interpretation of every English mark that has survived on every piece of English silver which the authors have been able to find, that the study of the record has been singularly attractive.

Nevertheless, in the ultimate analysis, the single question is whether a maker of silverware in this country is precluded from selecting as his trade-mark an impression which is made up of three of these marks, although, when conjoined, they would indicate to a buyer of English silver that the particular piece was sterling ware made in the city of Birmingham in 1831. It is thought that he is not thus precluded, and that, when he has used the particular combination on his ware made in this country for upwards of 40 years, and the same has been accepted by the trade as his identifying mark, without imitation by any one, he is entitled to an injunction, at least until final hearing. The security given by complainant ($2,500) is abundant to protect defendant against any possible loss, especially as defendants assert that they use other combinations of old hallmarks, and have almost an infinitude of such combinations which they can freely use, without infringing on the trade-mark of any American manufacturer.

From the standpoint of the collector of old silver, it might well be desirable that no reproduction of any old hallmark, English or Continental, should ever be affixed to silver or plated ware made here; but there is no authority for any such ruling.

Since the argument defendant has submitted a circular notice sent by complainant to the trade, contending that, since it was issued after argument, it was improper, and should be considered a contempt of court. It merely states that complainant is asserting the validity of its trade-mark, and is endeavoring to sustain it in court, and that these defendants were stayed from infringing it by an order of this court

issued simultaneously with the order to show cause. There seems to be no impropriety in giving such notice to the trade.

If the security bond is so phrased that it might be contended that the decision of this motion terminates its obligation, it should be renewed to extend till decision on final hearing.

Injunction granted.